(June 21, 1996)

■ In the Matter of CARL E. HOLSBERGER, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [644 NYS2d 836] —Per Curiam.

By supplemental petition dated October 23, 1995, the Com-

mittee on Professional Standards charged that respondent had neglected a client's personal injury action, deceived the client with respect to the settlement of the matter, and improperly advanced financial assistance to the client by sending him checks purportedly representing settlement proceeds when, in fact, the case had not settled. In addition to the checks, respondent allegedly deceived the client by untruthfully advising him the matter had settled and by sending him a copy of a fabricated letter to a Judge confirming a settlement conference.

After a hearing, the Referee sustained the charges. Petitioner moves to confirm the Referee's report. Respondent has not replied to the motion or otherwise moved. We grant the motion and find respondent guilty of the professional misconduct charged and specified in the supplemental petition.

The instant charges are part of the same "disturbing and serious pattern of professional misconduct" for which we suspended respondent from practice in January 1996 for three years (*Matter of Holsberger, supra*). The instant charges warrant an extension of that suspension for an additional six months.

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the supplemental petition; and it is further ordered that respondent's suspension from practice, effective February 22, 1996, for three years, be and hereby is extended for an additional six months; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.